UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONNIE JAMES ESPERSEN,<br><br>Defendant. | Case No. 2:16-cr-00302-BLW-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Donnie James Espersen's Motion for Early Termination of Supervised Release (Dkt. 49). Having reviewed the Motion, the Government's Response (Dkt. 50), and the Defendant's Reply (Dkt. 51), the Court now issues its decision. For the reasons explained below the Court will deny the Motion.

## BACKGROUND

In December, 2016, Mr. Espersen violated the conditions of his state supervision while attempting to enter Canada. (Dkt. 32). He told officers at the border that he possessed no form of identification, gave a false name, and stated he was unsure of his birthdate. A search of his person and vehicle revealed a

collection of dangerous weapons including a Ruger 10/22, eight rounds of .22 caliber ammunition, a rifle magazine, a samurai sword, two machetes and fourteen edged weapons, in addition to camping gear.

Mr. Espersen was prohibited from possessing firearms or ammunition due to a prior felony conviction in the State of Washington for rape of a four-year-old child for which he was sentenced to 111 months in prison and a lifetime of supervision. He was released on parole for his state charge on December 10, 2013. In August, 2017, Mr. Espersen was sentenced to time served and 36 months supervised release for the Unlawful Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). (Dkt. 43). Since the federal conviction was a violation of his release for the 2005 state case, he was sentenced to an additional two years incarceration by the State of Washington and began his federal supervision in June 2019. Currently, Mr. Espersen has served approximately 20 months of his 36-month term of supervised release on his federal sentence. (Dkt. 50). Mr. Espersen now seeks early termination of supervised release because he has been rehabilitated and federal supervision is no longer needed.

The Government has asked the Court to deny early termination and the United States Probation Officer supervising Mr. Espersen does not endorse the early termination and leaves the decision to the discretion of the Court.

## LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); 18 U.S.C. § 3583(e)(1). This includes the discretion to terminate such release after Defendant has served one year of their supervised release. *Id.* In deciding whether to terminate supervision, the courts must review a number of sentencing factors which include:

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a) (5), (a)(6), and (a)(7).

*United States v. Evertson*, No. 4:06-cr-206-BLW, 2011 WL 841056, at *2 (D. Idaho Mar. 7, 2011) (citing *United States v. Smith*, 219 Fed. Appx. 666, 667 n.3 (9th Cir.2007)). However, in rendering its decision the Court shall simply provide an explanation based on its consideration of such factors. *Emmett*, 749 F.3d 817, at 821-22. The Court need not elaborate unnecessarily. *Id.*

# ANALYSIS

Having considered the above factors, the Court is not inclined to grant this Motion. For Mr. Espersen, "mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination." *Emmett*, 749 F.3d at 823 n.2 (quoting *United States v. Grossi*, No. CR-04-40127, 2011 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012)). While Mr. Espersen's past 20 months of federal supervised release have been without incident, defendants seeking an early release must instead show something more—something unusual or extraordinary. *Accord United States v. Etheridge*, 999 F. Supp. 2d 192, 195 (D.D.C. 2013). Mr. Esperesen's demonstrated growth during his federal supervision has not gone unnoticed, however, the Court is ultimately not persuaded that he has met the high burden required for early termination of supervised release set forth in *Emmett* and 18 U.S.C. § 3583(e)(1).

Further, it is not only appropriate, but mandated, that the Court consider the nature and circumstances of the offense in deciding the motion for early termination. *See United States v. Henry*, No. 11CR7032-H, 2020 WL 4281966, at *2 (S.D. Cal. June 23, 2020) (citing *Emmett*, 749 F.3d at 819). Given the gravity of Mr. Espersen's underlying federal offense stemming from his prior conviction for the rape of a child, and the lack of endorsement from his probation officer, the totality of the circumstances weigh against early termination.

Accordingly, the Court will deny Mr. Espersen's Motion for Early Termination of Supervised Release.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Early Termination of Supervised Release (Dkt. 49) is **DENIED**.

DATED: April 12, 2021

B. Lynn Winmill
U.S. District Court Judge